IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

IN ADMIRALTY

**HUNTINGTON INGALLS INCORPORATED,**

                                        1:19-CV-0236-LG-RHW

            **Plaintiff**

**Vs**

**OHT HAWK AS, OFFSHORE HEAVY**
**TRANSPORT AS, SONGA MANAGEMENT**
**LTD.,** *in personam*, **and the M/V HAWK, her**
**engines, tackle, apparel, furniture, etc.,** *in rem*,

                **Defendants**

**IN THE MATTER OF OHT HAWK AS,**            1:19-cv-0671-HSO-JCG
**SONGA SHIPMANAGEMENT LTD.,**
**SONGA CREW MANAGEMENT LTD.**
**AND OHT MANAGEMENT AS, AS**
**OWNER AND MANAGING OWNERS OF THE**
**MOTOR VESSEL HAWK PETITIONING FOR**
**EXONOERATION FROM OR**
**LIMITATION OF LIABILITY**

**THOSE INTERESTED HULL UNDERWRITERS**
**SUBSCRIBING TO POLICY NO.**
**B0509MARHW1900141,**

         **Claimants/Defendants/Third Party Plaintiffs**

**Vs.**

**M/T "SIGNET VICTORY," M/T "SIGNET**
**PURITAN," M/T "SIGNET VALIENT," M/T**
**"SIGNET RELIANCE," and M/T "SIGNET**
**VIGILANT," their engines, boilers, tackle,**
**appurtenances, etc.,** *in rem* **and SIGNET**
**MARITIME CORPORATION, WALTER W.**
**GAUTIER, DANIEL E. WHYTE and MICHALE**
**C. TORJUSEN,** *in personam*;

      **Third Party Defendants.**

## HULL UNDERWRITERS' THIRD PARTY COMPLAINT

Pursuant to Rules 14, 19 and 20 of the Federal Rules of Civil Procedure, Third Party Plaintiffs THOSE INTERESTED HULL UNDERWRITERS SUBSCRIBING TO POLICY NO. B0509MARHW1900141 (hereinafter collectively referred to as "Hull Underwriters" or "Third Party Plaintiffs"), complaining of third party defendants M/T "SIGNET VICTORY," M/T "SIGNET PURITAN," M/T "SIGNET VALIENT," M/T "SIGNET RELIANCE," and M/T "SIGNET VIGILANT," their engines, boilers, tackle, appurtenances, etc., *in rem* and SIGNET MARITIME CORPORATION, WALTER W. GAUTIER, DANIEL E. WHYTE and MICHALE C. TORJUSEN, *in personam*, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  At the risk of being redundant, this matter is within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. Sec. 1333.

2.      Venue is proper in that a substantial part of the events or omissions giving rise to the involved claims occurred, or a substantial part of the property that is the subject of this action are situated in this district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## THE PARTIES

3.       At all times hereinafter mentioned, Hull Underwriters were, and now are, various insurance companies providing marine insurance coverage for risks throughout the world, and including the U.S., and are business entities organized and existing under and virtue of the laws of the United Kingdom.

4.      At all times hereinafter mentioned, Hull Underwriters were, and now are, providing

various kinds of marine insurance coverage for their assured, Huntington Ingalls

Industries, Inc., and its associated and affiliated and interrelated and subsidiary

companies (hereinafter collectively referred to as "HII").

5.      At all times hereinafter mentioned, Hull Underwriters have an inchoate right of recovery

against third party defendants by virtue of HII's Request for Payment on Account in the

amount of one million seven hundred and twenty-three thousand dollars ($1,723,000.00).

If and when the claim is paid, Hull Underwriters will be subrogated to the rights of their

assured, up to the amount paid to their assured.  Hull Underwriters and HII are in

discussions as to the exact quantum of this claim.

6.      At all relevant times, Motor Tug SIGNET VICTORY (IMO 8968208), Motor Tug

SIGNET PURITAN (IMO 9654273), Motor Tug SIGNET VALIANT (IMO 8964551),

Motor Tug SIGNET RELIANCE (IMO 9548677) and Motor Tug SIGNET VIGILANT

(IMO 9717620) (collectively referred to herein as the "Signet Tugs") were working tug

boats operating in and around the Port of Pascagoula, Mississippi for the purpose of

rendering assistance in the movement and berthing of commercial vessels.

7.      The Signet Tugs are now or will be during the pendency of this matter within the

jurisdiction with this judicial district, for which process can be effectuated.

8.      Third party defendant SIGNET MARITIME CORPORATION ("SIGNET") is, and was

at all times relevant, a Delaware corporation with a principal place of business located in

Houston, Texas, and was the owner and operator of the Signet Tugs.

LEGAL\43794624\1 00011.0020.000/455185.000

9.     Third party defendant WALTER WARREN GAUTIER, JR. is an individual residing at 11445 Henderson Camp Road, Grand Bay, Alabama  36541.

10.    Third party defendant DANIEL E. WHYTE is an individual residing at 3629 Perryman Road, Ocean Springs, Mississippi 39564-1049.

11.    Third party defendant MICHAEL CHARLES TORJUSEN is an individual residing at 7405 Park Ridge Drive South, Moss Point, Mississippi  39562-6135.

12.    Third party defendants WALTER WARREN GAUTIER, JR., DANIEL E. WHYTE and MICHAEL CHARLES TORJUSEN are and were at all relevant times engaged in providing professional pilotage services in the Port of Pascagoula, Mississippi.

13.    At all relevant times, third party defendants represented to the public that they were owners or operators of tugs and/or individual pilots in the business of moving objects of value on the water for hire.

14.    At all relevant times, third party defendants represented to the general public, including Third Party Plaintiffs that they were professionals with dedicated expertise in the proper maneuvering of vessels in and around berthing areas in the Port of Pascagoula, Mississippi.

15.    This court has the power to join third party defendants to this proceeding pursuant to Rules 14, 19 and 20 of the Federal Rules of Civil Procedure.

## THE FACTS

16.   On or about March 29, 2019, a heavy lift vessel, known as Motor Vessel "Hawk" (hereinafter referred to as "the Vessel") was laden with a floating drydock and was enroute to Pascagoula, Mississippi in order to offload and discharge same at the Huntington Ingalls Shipyard.

17.   In order to travel within the Port of Pascagoula, Mississippi, the Vessel was required by law to engage the services of compulsory pilots.

18.   The purpose of compulsory pilotage was to render assistance to the master and bridge crew of the Vessel in order to properly maneuver within the Port of Pascagoula, Mississippi.

19.   On or about March 29, 2019, GAUTIER, WHYTE and TORJUSEN boarded the Vessel to render compulsory pilotage services in order to assist the movement and berthing of the Vessel while laden with the floating drydock.

20.   In addition, SIGNET supplied the Signet Tugs to render assistance to the Vessel in order to safely maneuver within the Port of Pascagoula, Mississippi, and berthing within Ingalls shipyard.

21.   While maneuvering into position for berthing, the Vessel struck Test Barge "3201-050", which was moored alongside and in support of the United States Ship "Delbert D. Black" (DDG-119), a vessel being constructed for the United States Navy at Huntington Ingalls Shipyard in Pascagoula, Mississippi.

22.     Upon information and belief, the Vessel struck not only Test Barge "3201-050", but also the pier and United States Ship "Delbert D. Black" (DDG-119).

23.     Upon information and belief, Test Barge "3201-050", United States Ship "Delbert D. Black" (DDG-119), the pier and the drydock all sustained damage as a result of this incident.  The categories of damages include:  (a) physical loss or damage to HII's property; (b) extra expense arising from the delay in the delivery of the floating drydock; (c) extra expense arising from the disruption to HII's operations; (d) extra expense arising from work performed out of sequence and (e) extra expense for the rental of additional equipment.

24.     Third Party Plaintiffs respectfully submit that they have been damaged in the amount of one million seven hundred and twenty-three thousand dollars ($1,723,000.00), as best as can now be determined.

25.     Third Party Plaintiffs now submit this Claim against third party defendants in the amount of one million seven hundred and twenty-three thousand dollars ($1,723,000.00), plus interest and costs and attorney fees from March 29, 2019, no part of which has been paid, although duly demanded.

## PROCEDURAL BACKGROUND

26.     On or about April 11, 2019, plaintiff HUNTINGTON INGALLS INCORPORATED commenced suit against defendants OHT HAWK AS, OFFSHORE HEAVY TRANSPORT AS and SONGA SHIPMANGEMENT, in personam, and the M/V HAWK, her engines, boilers, appurtenances, etc., in rem, under Civil Action Third pary

complaint 12-2-19No. 1:19cv0236 LG-RHW.  A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

27.   Plaintiff generally alleges that the defendants are responsible for all damages arising from the incident on March 29, 2019.  Plaintiff also alleges that defendants collectively were the owner, operator and manager of the Vessel and at all relevant times was in possession or control of the Vessel at the time of the Incident.

28.   Defendants never answered this Complaint, but on or about September 27, 2019, filed a Complaint for Exoneration From or Limitation of Liability under Civil Action No. 1:19cv0671-LG-RHW.  A true and correct copy of the Complaint is annexed hereto as Exhibit "B".

29.   In their Complaint for Exoneration From or Limitation of Liability, Defendants alleged that the March 29, 2019 incident occurred without any fault, neglect or want of care on their part, or the Vessel, or anyone for whom defendants may be responsible.

30.   On or about October 22, 2019, the Court issued an Order Consolidating both matters under Civil Action No. 1:19cv0236 LG-RHW.

31.   Third Party Plaintiffs, as both Claimants and Defendants, have already filed a Claim in Limitation and an Answer to the Complaint in Limitation, and, in order to maximize their recovery, now pursue directly third party defendants for any and all damages arising from the Motor Vessel "Hawk" striking Test Barge "3201-050", and causing associated damages to the United States Ship "Delbert D. Black" (DDG-119) and pier and drydock.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

32.    Third Party Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "31", inclusive hereof with the same force and effect as though the same were set forth herein in full and at length.

33.    It is alleged by Hull Underwriters that third party defendants were negligent in the handling of the Vessel on or about March 29, 2019, and that such negligence was a proximate cause of the damages and loss which is the subject of Exhibits "A" and "B".

34.    Third party defendants were at all times in charge of the handling of the Vessel, operation of all communications, including but not limited to all radio equipment, and/or the navigation of the Vessel within the Port of Pascagoula, Mississippi, as well as within Ingalls shipyard.  Third party defendants were responsible for the supervision and control of the master and bridge crew and/or sea and anchor detail.  If third party defendants were negligent, any failure or omissions on their part leading up to or constituting the incident complained of in the Complaint constituted negligence and derogation of duty on the part of third party defendants and such negligence and derogation was a proximate or contributing cause of the incident complained of in the complaint.

35.    By reason of the premises, third party defendants are liable directly to Hull Underwriters pursuant to Rules 14, 19 and 20 of the Federal Rules of Civil Procedure for the Incident complained of and the damages sought, without any contribution or indemnification from Hull Underwriters.

36.     By reason of third party defendants' negligence, Hull Underwriters have been damaged in the sum of one million seven hundred and twenty-three thousand dollars ($1,723,000.00), as near as can now be determined, with interest and costs and attorney fees thereon from March 29, 2019.

## SECOND CAUSE OF ACTION
## BREACH OF WARRANTY

37.     Third Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "36" as if more fully set forth herein.

38.     Hull Underwriters' damages resulted from third party defendants' failure to comport with the standard of care accepted in said industry, and/or resulted from said third party defendants' breach of warranty, express or implied, including but not limited to the implied warranty of workmanlike service, to safely care for the Vessel and its cargo, the floating drydock, which was entrusted to their exclusive care, custody or control.

39.     Third party defendants held themselves out to the public as being expert in the maneuvering, handling and care of the Vessel, as well as its cargo, the floating drydock.

40.     Third party defendants breached their warranties, express and/or implied, by failing to exercise due diligence in the maneuvering, handling and care of the Vessel, as well as its cargo, the floating drydock.

41.     By reason of third party defendants' breach of its express or implied warranties, Hull Underwriters have been damaged in the sum of one million seven hundred and twenty-three thousand dollars ($1,723,000.00), as near as can now be determined, with interest and costs and attorney fees thereon from March 29, 2019.

## THIRD CAUSE OF ACTION
## CONTRIBUTION AND INDEMNITY

42. Third Party Plaintiffs hereby repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "41", inclusive hereof with the same force and effect as though the same were set forth herein in full and at length.

43. Any damage or loss referenced in Exhibits "A" and "B", such damage or loss was occasioned solely by the negligence, breach of warranty [express or implied], or unseaworthiness caused by third party defendants because Hull Underwriters' damages could have occurred only as a result of third party defendants' negligence, breach of warranty [express or implied], and/or unseaworthiness of the vessel.

44. As a result of the foregoing, third party defendants' should be required to contribute to any judgment order or decree and/or indemnify Hull Underwriters and hold Hull Underwriters harmless for any and all amounts, including all cost, disbursements and reasonable attorneys fees incurred by Hull Underwriters in the prosecution of this action.

45. By reason of third party defendants' malfeasance, Hull Underwriters have been damaged in the sum of one million seven hundred and twenty-three thousand dollars ($1,723,000.00), as near as can now be determined, with interest and costs and attorney fees thereon from March 29, 2019.

LEGAL\43794624\1 00011.0020.000/455185.000

WHEREFORE, Third Party Plaintiffs THOSE INTERESTED HULL UNDERWRITERS SUBSCRIBING TO POLICY NO. B0509MARHW1900141 were at all relevant times without fault with respect to the March 29, 2019 accident, and is therefore entitled to all benefits, warranties, immunities and defenses available under federal common law and statutes.  Third party defendants are liable directly to Hull Underwriters by view of Rule 14, 19 and 20 of the Fed. R. Civ. Pro. for the incident complained of and the damages sought.  Alternatively, third party defendants are liable by way of contribution and/or indemnity to Hull Underwriters.  On behalf of themselves and HII, Third Party Plaintiffs demand entry of judgment accordingly, together with counsel fees and costs, any all other relief

Respectfully submitted this 3rd day of December 2019.

**WISE CARTER CHILD & CARAWAY, P.A.,**
Attorneys for Third Party Plaintiffs THOSE
INTERESTED HULL UNDERWRITERS
SUBSCRIBING TO POLICY NO.
B0509MARHW1900141


By:  /s/ James C. Simpson, Jr.
          James C. Simpson, Jr.


James C. Simpson, Jr. Esq., MS. Bar # 6810
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone:     (228) 867-7141
Facsimile:       (228) 867-7142
jcs@wisecarter.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be filed using the Court CM/ECF system, which forwarded notice to all counsel of record.

Respectfully submitted this the 3rd day of December 2019.

By:  /s/ James C. Simpson, Jr.
     James C. Simpson, Jr. (MSB# 6810)

James C. Simpson, Esq.
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone:     (228) 867-7141
Facsimile:     (228) 867-7142
jcs@wisecarter.com