UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HUNTINGTON INGALLS INCORPORATED | § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-CV-00236 |
| OHT HAWK AS, ET AL | § § | |

CONSOLIDATED

| | | |
|---|---|---|
| IN THE MATTER OF OHT HAWK AS, SONGA SHIPMANAGEMENT LTD SONGA CREWMANAGEMENT LTD AND OHT MANAGEMENT AS, AS OWNER AND MANAGING OWNERS THE M/V HAWK PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § | CIVIL ACTION NO. 1:19-CV-00671 |

**CAPTAIN WALTER W. GAUTIER'S ANSWER TO HUNTINGTON INGALLS HULL UNDERWRITERS' THIRD PARTY COMPLAINT**

Third Party Defendant, Captain Walter W. Gautier ("Captain Gautier "), files this Answer and Defenses to the Third-Party Complaint of Those Interested Hull Underwriters Subscribing to Policy No. B0509MARHW1900141 (collectively "the Huntington Ingalls Hull Underwriters"). Pleading and preserving defenses under FED. R. CIV. P. 12(b)(1)– (7), Captain Gautier would respectfully show the Court as follows:

**ANSWER**

Third Party Defendant Captain Gautier answers the numbered allegations of the Huntington Ingalls Hull Underwriters Third Party Complaint as follows:

1.  Captain Gautier admits the allegations set forth in Paragraph 1 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

2.      Captain Gautier admits the allegations set forth in Paragraph 2 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

3.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

4.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 4 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

5.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

6.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

7.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 7 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

8.      Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 8 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, and therefore denies those allegations.

9.      Captain Gautier admits the matters asserted in Paragraph 9 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

10. Captain Gautier admits the matters asserted in Paragraph 10 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

11. Captain Gautier admits the matters asserted in Paragraph 11 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

12. Captain Gautier admits the matters asserted in Paragraph 12 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

13. Captain Gautier denies the matters asserted in Paragraph 24 of the Huntington Ingalls Property Underwriters' Third-Party Complaint.

14. Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of all the matters asserted in Paragraph 14 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint and, therefore, denies each and every allegation therein. Captain Gautier admits that he, Captain Whyte and Captain Torjusen were at all times relevant performing services as state licensed pilots.

15. No answer is required in response to the matters asserted in Paragraph 15 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

16. Captain Gautier admits the matters asserted in Paragraph 16 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

17. Captain Gautier admits the matters asserted in Paragraph 17 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

18. In answer to the matters asserted in Paragraph 18 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, Captain Gautier admits that the pilots were aboard the Vessel to provide advisory services as state licensed pilots.

19. In answer to the matters asserted in Paragraph 19 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint, Captain Gautier admits that the pilots were aboard the Vessel to provide advisory services as state licensed pilots.

20. Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of all the matters asserted in Paragraph 20 of the Huntington Ingalls Hull Underwriters' Third Party Complaint , and therefore denies those allegations.

21. Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of all the matters asserted in Paragraph 21 of the Huntington Ingalls Hull Underwriters' Third Party Complaint , and therefore denies those allegations.

22. Captain Gautier denies the matters asserted in Paragraph 22 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

23. Captain Gautier is without knowledge or information sufficient to form a belief as to the truth of all the matters asserted in Paragraph 23 of the Huntington Ingalls Hull Underwriters' Third Party Complaint , and therefore denies those allegations.

24. Captain Gautier denies the matters asserted in Paragraph 24 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

25. Captain Gautier denies the matters asserted in Paragraph 25 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

26. Captain Gautier admits the matters asserted in Paragraph 26 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

27. Captain Gautier denies the matters asserted in Paragraph 27 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

28. No answer is required in response to the matters asserted in Paragraph 28 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint. However, to the extent an answer may be require, the matters asserted in Paragraph 28 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint are denied.

29. No answer is required in response to the matters asserted in Paragraph 29 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint. However, to the extent an answer may be require, the matters asserted in Paragraph 29 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint are denied.

30. No answer is required in response to the matters asserted in Paragraph 30 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint. However, to the extent an answer may be require, the matters asserted in Paragraph 30 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint are denied.

31. No answer is required in response to the matters asserted in Paragraph 31 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint. However, to the extent an answer may be require, the matters asserted in Paragraph 31 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint are denied

32. Captain Gautier denies the maters asserted in Paragraph 32 of the Huntington Ingalls Hull Underwriters' Third Party Complaint and incorporates his response to paragraphs 1 – 31 as if fully set forth herein.

33. Captain Gautier denies the matters asserted in Paragraph 33 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

34. Captain Gautier denies the matters asserted in Paragraph 34 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

35. Captain Gautier denies the matters asserted in Paragraph 35 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

36. Captain Gautier denies the matters asserted in Paragraph 36 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

37. Captain Gautier denies the maters asserted in Paragraph 37 of the Huntington Ingalls Hull Underwriters' Third Party Complaint and incorporates his response to paragraphs 1 – 36 as if fully set forth herein.

38. Captain Gautier denies the matters asserted in Paragraph 38 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

39. Captain Gautier denies the matters asserted in Paragraph 39 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

40. Captain Gautier denies the matters asserted in Paragraph 40 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

41. Captain Gautier denied the matters asserted the allegations in Paragraph 41 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

42. Captain Gautier denies the maters asserted in Paragraph 42 of the Huntington Ingalls Hull Underwriters' Third Party Complaint and incorporates his response to paragraphs 1 – 41 as if fully set forth herein.

43. Captain Gautier denies the matters asserted in Paragraph 43 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

44. Captain Gautier denies the matters asserted in Paragraph 44 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

45.     Captain Gautier denies the matters asserted in Paragraph 45 of the Huntington Ingalls Hull Underwriters' Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

46.     The injuries and damages, if any, sustained by the Huntington Ingalls Hull Underwriters were proximately caused, in whole or in part, by the Huntington Ingalls Hull Underwriters, other claimants, defendants, third parties, or instrumentalities not under the control of Captain Gautier. To the extent that the Huntington Ingalls Hull Underwriters' injuries and damages, if any, were proximately caused by persons or entities other than Captain Gautier, Captain Gautier is not liable to the Huntington Ingalls Hull Underwriters.

## SECOND AFFIRMATIVE DEFENSE

47.     The Huntington Ingalls Hull Underwriters' injuries and damages, if any, were the result of an unavoidable accident, Act of God and/or conditions of tide, wind, weather, or other inevitable hazard or peril of the sea and/or by inscrutable fault.

## THIRD AFFIRMATIVE DEFENSE

48.     The Huntington Ingalls Hull Underwriters have failed to mitigate their damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

49.     Captain Gautier pleads the protections and defenses available pursuant to the provisions of Mississippi Code Annotated, Tile 85, Chapter 5.

## FIFTH AFFIRMATIVE DEFENSE

50.     Captain Gautier pleads the protections and defenses available pursuant to the provisions of Mississippi Code Annotated, Tile 59, Chapter 1.

### SIXTH AFFIRMATIVE DEFENSE

51. The Huntington Ingalls Hull Underwriters have not asserted a cause of action for which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

52. The Huntington Ingalls Hull Underwriters and their insureds were contributorily negligent in causing their damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

53. Captain Gautier avers that if he is found liable to the Huntington Ingalls Hull Underwriters in any amount, he is entitled to a credit or set-off for any and all sums the Huntington Ingalls Hull Underwriters have received in the way of any and all settlements. Captain Gautier alternatively asserts his right to proportionate reduction of any damages found against him, based on the negligence attributable to any settling tortfeasor.

### NINTH AFFIRMATIVE DEFENSE

54. The Huntington Ingalls Hull Underwriters and their insureds failed to exercise reasonable care and/or due diligence under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

55. The Huntington Ingalls Hull Underwriters' alleged damages were, at least in part, the result of preexisting conditions unrelated to The Huntington Ingalls Hull Underwriters' allegations against Captain Gautier and/or the result of conditions sustained or developed by The Huntington Ingalls Hull Underwriters' subsequent to the allision made the basis of this lawsuit.

**BASED UPON THE FOREGOING**, Third Party Defendant Captain Walter W. Gautier respectfully requests judgment in his favor, judgment against Third Party Plaintiffs, Those Interested Hull Underwriters Subscribing to Policy No. B0509MARHW1900141, for recovery of

all of Captain Walter W. Gautier's fees, expenses and costs, and for any and all other just and equitable relief to which Captain Walter W. Gautier may show himself to be justly entitled.

        Respectfully Submitted,

**VINCENT J. CASTIGLIOLA, JR**

/s/ *Vincent J. Castigliola, Jr.*
Vincent J. Castigliola, Jr
Mississippi Bar No. 5923
vc@bnscb.com
Bryan Nelson Schroeder Castigliola & Banahan
1103 Jackson Ave
Pascagoula, MS 39567
Phone: (228) 762-6631
Fax: (228) 769-6392

**ATTORNEYS FOR THIRD PARTY DEFENDANT CAPTAIN WALTER W. GAUTIER**

**OF COUNSEL:**
**HOLMAN FENWICK WILLAN USA LLP**
James T. Brown
Texas Bar No. 03138150
Federal ID No. 11656
Jim.Brown@HFW.Com
Thomas N. Lightsey III
Federal ID No. 84829
Texas Bar No. 12344010
Tom.Lightsey@HFW.Com
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system on this 10th dday of February 10, 2020.

        /s/ *Vincent J. Castigliola, Jr.*
        Vincent J. Castigliola, Jr